

# THE ATTORNEY GENERAL

## OF TEXAS

GROVER SELLERS

XXXXXXXXXXXXXXXXXXXX D

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable G. C. Olsen
County Attorney
Winkler County
Kermit, Texas

Dear Sir:

Opinion No. O-6824

Re: Whether a petition to the
Commissioners' Court of
Winkler County requesting
the establishment of two
county hospitals from the
proceeds of one bond elec-
tion is legal; if not, will
it prevent an election on a
second petition for the
establishment of one hospi-
tal?

Your request for our opinion on the above questions reads as
follows:

"To the Honorable J. B. Salmon, County Judge of Winkler
County, Texas, there has been presented what is purported to
be a petition reading as follows:

"'A PETITION

TO THE HONORABLE COMMISSIONERS COURT OF WINKLER COUNTY,
TEXAS:

We, the undersigned property owners of Winkler County,
Texas, do hereby petition and pray that an election be
ordered in and throughout said Winkler County, sub-
mitting to the qualified voters of said County, the
proposition for the issuance of bonds of said county
in the sum of One Hundred Fifty Thousand ($150,000)
Dollars for the purpose of acquiring sites, construc-
tion, and equipment of two hospital units in Winkler
County; said sums to be allocated as follows: $100,000
for the building and equipping of a modern hospital to
be located within the city limits of Kermit, Texas,
and $50,000 for the building and equipping of a modern

hospital to be located within the city limits of
Wink, Texas; and whether or not an ad valorem tax
shall be levied on all taxable property in said
county for the purpose of paying the interest on
said bonds and to provide a sinking fund for the
redemption thereof at maturity.

"On the same day that the above purported petition
was delivered to the County Judge of Winkler County,
Texas, but at a later hour in that same day there was
presented to the same said County Judge a petition
praying for the calling of an election for the acquiring
of a site, and the establishing, erection, construction,
and equipping of a County Hospital in Winkler County,
Texas; such hospital to be located in Kermit, Texas.

"The Commissioners' Court of Winkler County, Texas,
has asked that I secure from you an opinion on the
following:

"1.  Does the Commissioners' Court of Winkler County,
Texas, have the authority to establish two (2)
modern hospitals from funds, or proceeds of one
bond election?

"2.  Is this purported petition as above set out a
lawful petition since it asks for the doing of
something not authorized by law?

"3.  If this purported petition is unlawful, can it
be disregarded by the Commissioners' Court of
Winkler County, Texas, and be declared by them
to not be such a petition as would prevent such
Commissioners' Court from acting upon the peti-
tion that was delivered later in that same day
as the above set out purported petition was
delivered?

"My opinion on this matter is as follows: taking the
matter by 1, 2, and 3 above:

"1.  Under Article 4478, V. A. C. S., authority is
given to Commissioners' Courts to establish a
county hospital, and throughout that said
Article the singular and never the plural is
used.  It is my opinion that the Commissioners'
Court of Winkler County, Texas, could build
only one hospital at this time, and thereafter
under Article 4490 they could maintain more
than one hospital.

"2. This purported petition is not a lawful
one since it is for the calling of an
election for the doing of something that
is not authorized by law to be done.

"3. Since this purported petition is unlawful,
it does not have to be regarded by the Com-
missioners Court of Winkler County, Texas,
for any purpose, and it is not such a peti-
tion as would require twelve months to pass
before the Commissioners Court could act
upon the petition that was delivered to the
County Judge of Winkler County, Texas, later
on that same day as the above purported
petition was delivered. Article 4478 states
that 'qualified property tax paying voters'
are the one to petition, and not 'property
owners' as the above set out purported peti-
tion recites.

"According to the 1940 Federal Census, Winkler County
had a population of 6,141.

"Due to the fact that Senate Bill 191 of the United
States Congress probably will soon become a law, and Winkler
County, Texas wants to be in a position to participate in
the benefits of that Bill, I have been requested by the
Commissioners Court of Winkler County, Texas to respect-
fully ask that you give this matter your preferred atten-
tion and let your opinion come forward as soon as possible.

"I have searched and failed to find any cases in point
on the matters expressed in this letter."

The general rule relative to the proper interpretation of
statutes is that the intention and meaning of the Legislature
must be ascertained from the language of the statutes read as
a whole. Title 71, Chapter 5, Articles 4478-4494a, Vernon's
Annotated Civil Statutes, are the statutes giving power to the
Commissioners' Court to establish a county hospital and to
enlarge any existing hospitals. These statutes make provision
for a "a county hospital," and all of said statutes that set
out the power of the various parties authorized to build,
equip and manage said hospital deal only with "a county hospi-
tal." The only provisions in any of said statutes that could
be construed to mean more than "a county hospital" are
Article 4493, which is applicable in counties which may have a
city of more than 10,000 persons, and Article 4494, which
authorizes two or more adjacent counties to join for the pur-

poses of this law and erect one or more hospitals for their joint use, but neither of said provisions applies here. It is our opinion, therefore, that it was the intention of the Legislature to authorize only one county hospital in a county such as Winkler County where it is not sought to join with any other county for such purpose.

Accordingly, it is our opinion that the Commissioners' Court of Winkler County does not have the authority to establish two hospitals from the proceeds of a bond election under the facts stated. We do not think the purported petition for two county hospitals set out in your request is a lawful petition, since, under the facts stated, the Commissioners' Court has no authority to establish two county hospitals in Winkler County. We are also of the opinion that the petition for two county hospitals can be disregarded by the Commissioners' Court, or, in other words, it can be denied by the Court, and the second petition may be approved or rejected by the Court as the law and the facts may require.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Jas. W. Bassett
    Jas. W. Bassett
       Assistant

JWB:LJ

APPROVED SEP 29 1945

/s/ Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE